IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEFFRY S. VODENICHAR, DAVID M.
KING, JR., LEIGH V. KING, JOSEPH B.
DAVIS and LAUREN E. DAVIS,
*individually and on behalf of all persons
similarly situated*,

                    Plaintiffs,

            v.

HALCON ENERGY PROPERTIES, INC.,
CO-EXPRISE, INC., and MORASCYZK &
POLOCHAK

                    Defendants.

13cv0360

**ELECTRONICALLY FILED**

**MEMORANDUM OPINION**

**I. Introduction**

Before the Court is Plaintiffs' Motion for Remand in this purported class action case.

Doc. no. 11.  The case presently before the Court involves alleged breaches of contracts over

land rights (specifically, gas and oil leases) and all of the land at issue is located exclusively

within the Commonwealth of Pennsylvania.  Counsel for Plaintiffs has maintained that all of the

putative class action Plaintiffs are residents of the Commonwealth of Pennsylvania.  There is no

dispute that two of the three Defendants are also citizens of Pennsylvania.

Plaintiffs previously filed a purported class action, breach of contract lawsuit in the

United States District Court for the Western District of Pennsylvania at docket number 2:12-cv-

1624 ("case no. 12-1624" or "the prior Federal Lawsuit"), solely against Defendant Halcon

Energy Properties, Inc. ("Defendant Halcon").  The Plaintiffs predicated their prior Federal

Lawsuit upon diversity jurisdiction under 28 U.S.C. 1332(a).   In the prior Federal Lawsuit,

Plaintiffs filed a Motion to Dismiss[1] their own lawsuit, claiming that Defendant Halcon indicated

that it was going to join two additional defendants, Co-Exprise, Inc. ("CX-Energy") and

Moracyzk and Polochak ("M&P"), both of whom were Pennsylvania citizens, thereby stripping

this Court of diversity jurisdiction.  See doc. no. 34, in case. no. 12-1624.  The Court granted the

Plaintiffs' Voluntary Motion for Dismissal.  Doc. No. 41 in case no. 12-1624.

Contemporaneously with filing their Voluntary Motion for Dismissal in this Court,

Plaintiffs initiated a new lawsuit in the Court of Common Pleas of Mercer County, in the

Commonwealth of Pennsylvania (hereinafter, "the Mercer County Action").  After the Court

granted Plaintiffs' Voluntary Motion for Dismissal in the prior Federal Lawsuit, Defendant

Halcon removed the Mercer County Action to this Court at its current case number, case no.

2:13-cv-360.  Doc. no.1.

In its Notice of Removal, Defendant Halcon indicated that its removal was predicated

upon 28 U.S.C. §§ 1332(d), 1446, and 1453.   With respect to removal under 28 U.S.C.

§ 1332(d), Defendant Halcon claimed that this case falls within the Class Action Fairness Act

("CAFA"), 28 U.S.C. § 1332(d)(2), and the exceptions to jurisdiction under CAFA set forth in

28 U.S.C. § 1332(d)(4) do not apply.

Plaintiffs filed a Motion for Remand (doc. no. 11) and Defendant Halcon filed a

response, as did Defendant M&P.  Doc. Nos. 22 and 24, respectively.  Defendant CX-Energy

failed to file a Response to the Motion for Remand; rather, it filed a Motion to Dismiss the

Complaint under Fed.R.Civ.P. 12(b)(6).[2]  Doc. no. 33.  Plaintiffs filed a Reply to Defendant

---

[1] Plaintiffs' Motion was a Motion for Voluntary Dismissal pursuant to Fed.R.Civ.P. 41(a)(2).  See doc.
no. 41 in case no. 12-1624, the prior Federal Lawsuit.

[2] Defendant M&P also filed a Motion to Dismiss, subsequent to filing its Response to Plaintiffs' Motion
for Remand.  Doc. no. 31.

Halcon's and Defendant M&P's Responses in furtherance of their Motion for Remand.  Doc. no. 28.  The matter is now ripe for adjudication by this Court.

## II.     STANDARD OF REVIEW

### A. Motion for Remand – in General

When parties dispute whether subject matter jurisdiction exists on removal, Defendant bears the burden of proving the statutory requirements, *Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Cir. 1995), and "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c) (1988).  Moreover, the removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand."  *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

### B. Motion for Remand – CAFA Specific

Although CAFA expanded federal jurisdiction over class actions, it did not alter the general rule that the party seeking to remove a case to federal court bears the burden of establishing federal jurisdiction.  *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007).  However, once the removing party establishes that the case meets CAFA's initial jurisdictional requirements, the party seeking remand bears the burden of proving that CAFA's local controversy exception applies.  *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 153 (3d Cir. 2009) ("[T]he district court correctly assigned to Plaintiffs the burden of establishing that the local controversy exception applies.");[3] *see also Breuer v. Jim's Concrete of Brevard, Inc.*, 538

---

[3] The United States Courts of Appeals for the Fifth, Seventh, Eighth, Ninth, and Eleventh Circuits have also held that the party objecting to CAFA jurisdiction must prove that the CAFA exceptions to federal jurisdiction divests the district court of subject matter jurisdiction.  See *Preston v. Tenet Healthsystem Memorial Medical Center, Inc.*, 485 F.3d 804, 816 (5th Cir. 2007) ("Prior to CAFA, the removing parties

U.S. 691, 698 (2003).  Whenever the subject matter of an action qualifies it for removal, the

burden is on a plaintiff to find an express exception.  *Id.*

Jurisdictional determinations "should be made largely on the basis of readily available

information." S. REP. NO. 109–14, at 44, 2005 U.S.C.C.A.N. 3, 38; accord *Abrego Abrego v.*

*The Dow Chem. Co.*, 443 F.3d 676, 692 (9th Cir. 2006); *Hirschbach v. NVE Bank*, 496

F.Supp.2d 451, 460 (D.N.J. 2007).

## III.   ANALYSIS

In order to possess subject matter jurisdiction under CAFA, this Court must be satisfied

that the threshold requirements have been met.  In this regard, those threshold requirements are

as follows:

> (2) The district courts shall have original jurisdiction of any civil action in
> which the matter in controversy exceeds the sum or value of $5,000,000,
> exclusive of interest and costs, and is a class action in which--
>
> > (A) any member of a class of plaintiffs is a citizen of a State
> > different from any defendant;
> >
> > (B) any member of a class of plaintiffs is a foreign state or a citizen
> > or subject of a foreign state and any defendant is a citizen of a
> > State; or

---

only needed to show citizenship with respect to the named plaintiffs. . . . We decline to adopt such a heightened burden of proof considering the far greater number of plaintiffs involved in a class action as compared to the traditional diversity case."); *Hart v. FedEx Ground Package System Inc.*, 457 F.3d 675, 680 (7th Cir. 2006) ("[T]he party seeking to take advantage of the home-state or local exception to CAFA jurisdiction has the burden of showing that it applies."); *Westerfeld v. Independent Processing, LLC* 621 F.3d 819, 822 (8th Cir. 2010) ("Once CAFA's initial jurisdictional requirements have been established by the party seeking removal, however, the burden shifts to the party seeking remand to establish that one of CAFA's express jurisdictional exceptions applies."); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007) ("[A]lthough the removing party bears the initial burden of establishing federal jurisdiction under § 1332(d)(2), once federal jurisdiction has been established under that provision, the objecting party bears the burden of proof as to the applicability of any express statutory exception under §§ 1332(d)(4)(A) and (B)."); and *Evans v. Walter Industries, Inc.*, 449 F.3d 1159, 1165 (11th Cir. 2006) ("[W]e hold that the plaintiffs bear the burden of proving the local controversy exception to the jurisdiction otherwise established.").

(C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

28 U.S.C. § 1332(d).

There are three broad exceptions to CAFA's jurisdictional reach – one which is permissive, and two which are mandatory.  They read as follows:

(3) A district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction under paragraph (2) over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed based on consideration of--

(A) whether the claims asserted involve matters of national or interstate interest;

(B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;

(C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;

(D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;

(E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and

(F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

(4) A district court shall decline to exercise jurisdiction under paragraph (2) –

(A)(i) over a class action in which--

(I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

(II) at least 1 defendant is a defendant--

    (aa) from whom significant relief is sought by members of the plaintiff class;

    (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

    (cc) who is a citizen of the State in which the action was originally filed; and

(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

(ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons; or

(B) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

28 U.S.C. §1332(d).

Here, the parties do appear to agree that Defendant Halcon has met its burden with respect to meeting the threshold requirements set forth in the statute. See doc. no. 14, generally; doc. no. 23, p.1; and doc. no. 24, generally. Thus, this Court must determine whether Plaintiffs have met their burden of proving that one of the exceptions applies.

As to the first, the permissive exception set forth in § 1332(d)(3), the Court finds that because greater than two-thirds of the putative class members are citizens of the Commonwealth

of Pennsylvania, the exception set forth in  28 U.S.C. § 1332(d)(3) will not apply.  Plaintiffs

concede the same.  Doc. no. 14, p. 5.

It is the other two exceptions – which require this Court to remand the case if the criteria

are met – which are at issue here.

### A.      The Local Controversy Exception – 28 U.S.C. § 1332(d)(4)(A)

Under the first of these two mandatory exceptions (which is commonly referred to as the

"local controversy" exception), Plaintiffs contend that they meet all the statutory criteria, thereby

requiring this Court to remand the instant case to Mercer County.  This Court disagrees.

First, Plaintiffs have supplied proof that greater than two-thirds of its putative class

members are citizens of the Commonwealth of Pennsylvania and thus, meet the first prong of the

local controversy exception, 28 U.S.C. § 1332(d)(4)(A)(i)(I).  Here, Plaintiffs submitted a list of

names of putative class members.  See doc. no. 15-1, hereinafter "the putative class list."

Plaintiffs also submitted an affidavit from David Cohen, Esquire, who attested that he: (1)

selected every twenty-fifth name on the putative class list – giving him a sample of 72 names; (2)

obtained, via LexisNexis Public Records, Voter Registration Database, the current registered

voter address for each of the 72 names he derived a from the putative class list; and (3)

determined that 100 percent of the 72 sample putative class members were citizens of the

Commonwealth of Pennsylvania.  Doc. no. 15.[4]

Because Plaintiffs must meet all four prongs of the local controversy exception in order

for the exception to apply, the Court will focus its attention on the fourth prong – where

Plaintiffs must prove that "during the 3-year period preceding the filing of [this Federal

---

[4] Other courts have accepted this sort of "sampling" as proof that the class meets the two-thirds
requirement set forth in 28 U.S.C. § 1332(d)(4). See, *i.e., Hollinger v. Home State Mut. Ins. Co.*
654 F.3d 564, 573 (5th Cir. 2011) (where a proposed class is discrete in nature, a common sense
presumption should be utilized in determining whether citizenship requirements have been met); *Preston
v. Tenet Healthsystem Memorial Medical Center, Inc.,*485 F.3d 804,815-19 (5th Cir. 2007).

Lawsuit], no other class action has been filed asserting the same or similar factual allegations against any of the [D]efendants on behalf of the same or other persons." 28 U.S.C. § 1332(d)(4)(A)(ii). Because the Court finds that Plaintiffs cannot meet this fourth criterion, the other two prongs of the local controversy exception will not be addressed, 28 U.S.C. § 1332(d)(4)(A)(i)(II)-(III).

Plaintiffs' interpret this "prior filing" prong of the local controversy exception to mean that "no copy-cat class action . . . has been filed within the past three years." Doc. no. 14, p. 7. Plaintiffs argue that their own prior Federal Lawsuit, therefore, "does not constitute an 'other' class action." Id.

Using statutory construction principles, Plaintiffs contend that every word in the statute has to be given effect. Thus, they conclude, the word "other" as defined by Webster's dictionary, would suggest a class action different from the one led by the Vodenichars, would have had to have been filed within the past three years to thwart Plaintiffs' attempt to remand this case under the local controversy exception. Essentially, on one hand, Plaintiffs appear to be contending that the prior Federal Lawsuit is one and the same with this lawsuit, a "continuation" of sorts, of their prior litigation; or, at a minimum, the prior Federal lawsuit is indistinguishable from the instant lawsuit.

Plaintiffs also contend, on the other hand, that they can meet this fourth criterion because the prior Federal Lawsuit is no longer "pending," has "ended," and/or was "dismissed" and thus, is of no moment.   Defendants Halcon and M&P disagree with both of these arguments, and the Court does as well.

First, the statute defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing

an action to be brought by 1 or more representative persons as a class action."   28 U.S.C. 1332(d)(1)(B).  Second, this portion of the local controversy exception does not state that the class action must be "pending;" rather it merely states that "during the 3-year period preceding the filing of [the instant class action], no other class action has been filed asserting the same or similar factual allegations . . . ."

The most fundamental rule of statutory construction is the plain meaning rule, which provides that if a statute is not ambiguous, then this Court must apply the statute according to its terms.  See *Sery v. Federal Business Centers, Inc.*, 365 Fed. Appx. 396, 397 (3d Cir. 2010) ("[W]hen the statutory language is clear and unambiguous, the legislature's intent is best divined by reference to the plain meaning of a statute."); see also *Register v. PNC Financial Services Group, Inc.,* 477 F.3d 56, 67 (3d Cir. 2007) ("When interpreting statutes or regulations, the first step is to determine whether the language at issue has a plain and unambiguous meaning.").

Applying this rule to the fourth criterion of the local controversy exception, this Court finds that the plain meaning of "during the 3-year period preceding the filing of [the instant class action], no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons[,]" means that the same (or other) plaintiffs did not <u>file</u> any other class action (asserting the same or similar claims against at least one of the defendants) within a three-year period of the instant purported class action.

Under the facts presented here, the very same purported class of Plaintiffs <u>filed</u> a lawsuit against one of the Defendants (Halcon) within the past three years of filing the instant case, *i.e.* the prior Federal Lawsuit, filed at docket number 12-1624.  Thus, Plaintiffs fail to meet the fourth criterion of the local controversy exception.

### B.    The Home State Exception – 28 U.S.C. § 1332(d)(4)(B)

As noted above:

> (4) A district court shall decline to exercise jurisdiction under paragraph
>    (2) —
>
> > (B) two-thirds or more of the members of all proposed plaintiff
> > classes in the aggregate, and the primary defendants, are citizens of
> > the State in which the action was originally filed.

28 U.S.C. §1332(d)(4)(B).

Although Plaintiff failed to argue the home state exception as a potential alternative reason to remand the case to the Mercer County Court, Plaintiffs accurately noted that this Court is obligated to address the substantive jurisdiction question *sua sponte*. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412 (3d Cir. 2010) (Federal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.); see also Fed.R.Civ.P. 12(h)(3).  In removal cases, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

With this law in mind, the Court first concludes that Plaintiffs through their pleadings and other submissions have readily proven to this Court that "two-thirds or more of the members of all proposed plaintiff classes in the aggregate" are citizens of Pennsylvania.  See doc. nos. 15, 15-1, and the analysis of the Court in section "III.A.", above.   Next, the Court turns to the question of whether the "primary defendants, are citizens of the State in which the action was originally filed."

The United States Court of Appeals for the Third Circuit has not yet had an opportunity to define "primary defendants" as that term applies to this CAFA exception.  However, the

United States District Court for the Eastern District of Pennsylvania gave the matter much

thought, and wrote on the issue as follows:

> I next consider the law governing the identification of "primary
> defendants" under the home-state controversy exception. Despite
> burgeoning CAFA jurisprudence, few courts have opined on the home-
> state controversy requirement with respect to the definition of "primary
> defendants".  28 U.S.C. § 1332(d)(4)(B).

> However, as "evident from the statute's use of the phrase 'the
> primary defendants' rather than 'a primary defendant', 'the plain language
> of the statute requires remand only when *all* of the primary defendants are
> residents of the same state in which the action was originally filed'".
> *Robinson v. Cheetah Transportation*, Civ.A.No. 06-0005, 2006 WL
> 3322580, at *3 (W.D. La. Nov. 14, 2006) (emphasis in original).

> Most courts have construed "primary defendants" by relying on a
> construction of an analogous provision of the Multiparty, Multiforum,
> Trial Jurisdiction Act of 2002, 28 U.S.C. § 1369, offered in *Passa v.
> Derderian*, 308 F.Supp.2d 43, 61-64 (D.R.I. 2004). The *Passa* court
> indicated that there is a settled judicial understanding of the term "primary
> defendants" borrowed from tort law. *Kitson v. Bank of Edwardsville*,
> Civ.A.No. 06-528, 2006 WL 3392752, at *13-17 (S.D. Ill. Nov. 22, 2006)
> (holding, *inter alia*, that settled legal definitions are properly considered as
> part of congressional understanding).

> I follow the decisions of those courts which have adopted the
> definition of "the primary defendants" expressed in *Passa* as it is used in
> 28 U.S.C. § 1332(d)(4). As expressed by the *Kitson* court, the definition of
> primary defendants is as follows:

>> Ultimately the [*Passa*] court concluded that "primary
>> defendants". . . are "those parties that are allegedly directly
>> liable to the plaintiffs, while 'secondary' defendants are . . .
>> those parties sued under theories of vicarious liability or joined
>> for purposes of contribution or indemnification." . . . Thus, the
>> court held, "the most appropriate definition of 'primary
>> defendants'. . . must include those parties facing direct liability
>> in the instant litigation." . . . The court explained that "all
>> defendants sued directly in a cause of action maintain a
>> dominant relationship to the subject matter of the controversy,
>> while those parties sued under theories of vicarious liability, or
>> joined for purposes of indemnification or contribution,
>> maintain an indirect or 'secondary' relationship to the
>> litigation." . . . The court noted that its interpretation of the

> term "primary defendants" for purposes of the statute was the
> definition most consistent not only with traditional legal
> concepts but also judicial economy and fairness to parties,
> because "it does not require the Court to make a pre-trial
> determination of liability or culpability, but rather requires only
> a review of the complaint to determine which defendants are
> sued directly."
>
> *Kitson v. Bank of Edwardsville*, 2006 WL 3392752, at *17; see also
> *Adams v. Federal Materials Company, Inc.*, Civ.A.No. 5:05CV-90-R,
> 2005 WL 1862378, at *5 (W.D. Ky. July 28, 2005) which distinguishes
> between directly liable parties and those joined for purposes of
> contribution and indemnification.
>
> Notably, the *Pasa* court rejected a definition of primary defendants
> as those with the deepest pockets or the greatest culpability. These
> definitions were determined to be unworkable because they would require
> a degree of fact-finding beyond which could be performed at the
> procedural juncture. *Kearns v. Ford Motor Company*, Civ.A.No. 05-5644,
> 2005 WL 3967998, at *8 (C.D. Cal. Nov. 21, 2005) (internal citations
> omitted).

*Anthony v. Small Tube Manufacturing, Corp.*, 535 F.Supp.2d 506, 515-16 (E.D. Pa. 2007).

Finding this analysis both thorough and well-reasoned, this Court adopts the definition of

"primary defendants" as expressed above.  Applying the definition of primary defendants as

"those parties that are allegedly directly liable to the plaintiffs" the Court finds that the two

Pennsylvania Defendants (CX-Energy and M&P) are directly liable to Plaintiffs in light of the

allegations asserted by Defendant Halcon.  Because of these allegations, Defendants CX-Energy

and M&P now face "direct liability in the instant litigation."

In addition, Plaintiffs note that Halcon has alleged in its Answer and Cross Claims that it

"bears no liability to [P]laintiffs or the class because M&P and CX-Energy, among other things,

modified one of the contractual documents" in such a way that Plaintiffs were unable to lease

their gas rights to Halcon.  Doc. no. 26-1, p.1; doc. no. 19, pp.13-14, Fifth Affirmative Defense,

asserting fraud.   Because Halcon's assertions in its Answer (doc. no. 19) accuse the other two

Defendants of engaging in fraud, Halcon (a non-Pennsylvania citizen), would no longer be considered a "primary defendant" as that term is defined under *Anthony*.  Plaintiffs' counsel also suggest that the Ninth Affirmative Defense concerning "waiver" be construed as follows:

> Halcon's affirmative 'waiver' defense asserted in its Answer is based upon a belief that M&P and CX-Energy agreed to modify the Halcon Agreement in August 2012 so as to relinquish or release the rights of plaintiffs and the class.  M&P and CX-Energy had had no express authority to extinguish their principals rights, a longstanding requisite to any such action.  Thus if Halcon avoids its contractual duties to plaintiffs and the class as a result of any such modification, M&P and CX are additionally responsible for ***all*** resulting losses. . . . Halcon claims 'CX and M&P are solely' responsible for damages. . . ."

Doc. no. 26-1, p. 2; doc. no. 19, p. 14, Ninth Affirmative Defense, asserting waiver.

Accordingly, the Court finds that the home state exception applies and the case shall be remanded to the Court of Common Pleas of Mercer County, Pennsylvania.


## IV. CONCLUSION

Based on the foregoing law and authority the Court will remand this case to the Court of Common Pleas of Mercer County, Pennsylvania, in compliance with 28 U.S.C. § 1332(d)(4)(B).  An appropriate Order shall follow.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:    All Registered ECF Counsel